**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

STEPHANIE McALISTER,

    Plaintiff,

    v.                                            Case No. 04-C-0691

MAXIMUS INC.,

    Defendant.

## **DECISION AND ORDER**

On July 16, 2004, the plaintiff filed this action alleging that the defendant discriminated against her on the basis of her race and sex in violation of the Civil Rights Act of 1964, et seq., as amended, 42 U.S.C. § 2000e et seq. and the Civil Rights Act of 1991 § 2 et seq, 42 U.S.C. § 1981. She also claims that the defendant violated the Equal Pay Act of 1962, as amended, 29 U.S.C. § 206(d) et seq. Specifically, the plaintiff claims that because of her race, sex and opposition to discrimination, "the defendant paid her less than a similarly-situated male employee, demoted her and terminated her, all resulting in loss of pay, benefits and career opportunities." (Complaint at 1)

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule

73.1 (E.D. Wis.).

The defendant filed a motion for summary judgment (Docket # 17) and a motion to strike certain inadmissible and/or incompetent evidence from the record (Docket # 58). The defendant has also moved for leave to file a sur-reply brief. (Docket # 70). The plaintiff filed motions to strike certain proposed findings of fact filed by the defendant (Docket # 51) and to oppose defendant's request for summary judgment (Docket # 55). These motions are currently pending and will be address herein, with the exception of the defendant's motion for summary judgment. The motion for summary judgment will be addressed in a separate decision.

In moving to strike the defendant's proposed findings of fact, the plaintiff asserts that the specified proposed findings of fact are inadmissible because they are either hearsay, vague, conclusory or unsupported. The defendant has filed a similar motion, asserting that the listed proposed findings of fact presented by the plaintiff are insufficient to create a genuine issue of fact. The defendant asserts that many of the proposed findings of fact are not based on personal knowledge, are irrelevant, argumentative, conclusory, lack foundation or constitute stray remarks by non-decision makers.

Rule 56(e) of the Federal Rules of Civil Procedure provides in relevant part that [S]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." It is also well-established that evidence relied upon in a motion for summary judgment must be of the kind that would be admissible at trial. See Waldridge v. American Hoechst Corp., 24 F.3d 918, 921 n.2 (7th Cir. 1994) (citing Gustovich v. AT & T Communications, Inc., 972 F. 2d 845, 849 [7th Cir. 1992]; Fed. R. Civ. P. 56 [e]). Therefore, "conclusory allegations . . . without support in the record, do not create a

-2-

triable issue of fact." Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) (citing Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 [7th Cir. 1998]). Similarly, hearsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial. Eisenstadt v. Centel Corp., 113 F.3d 738, 742 (7th Cir. 1997).

In this case, in ruling on the defendant's motion for summary judgment, the court necessarily will consider whether the proposed findings of fact submitted by the parties which comport with Rule 56 and the applicable case law. To the extent that any proposed finding does not meet the requisite standard, it will not be considered in determining whether summary judgment is appropriate in this case. Accordingly, the plaintiff's motion to strike the defendant's proposed findings of fact is unnecessary and will be denied. For the same reason, the plaintiff's motion to strike the specified proposed findings of fact filed by the defendant will be denied. Therefore, the defendant's motion for leave to file a sur-reply brief in opposition to the plaintiff's reply brief in support of her motion to strike will be denied as moot. However, the court will consider the briefs and arguments raised by the parties in their respective motions when deciding the defendant's pending summary judgment motion.

The plaintiff has also filed a motion opposing the defendant's request for summary judgment. In effect, this motion is the plaintiff's response to the defendant's summary judgment motion and is supported by the plaintiff's response to the defendant's proposed findings of fact, the plaintiff's proposed findings of fact, the plaintiff's brief opposing the defendant's motion and accompanying exhibits and declarations. The court will consider the plaintiff's submissions in deciding the defendant's motion for summary judgment. Therefore, the plaintiff's motion opposing the defendant's request for summary judgment will be denied.

-3-

**ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's a motion to strike certain inadmissible and/or incompetent evidence from the record (Docket # 58) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff motion to strike certain proposed findings of fact filed by the defendant (Docket # 51) be and hereby is **denied.**

**IT IS ALSO ORDERED** that the plaintiff's motion opposing the defendant's request for summary judgment (Docket # 55) be and hereby is **denied**.

**FINALLY, IT IS ORDERED** that the defendant's motion for leave to file a sur-reply brief (Docket # 70) be and hereby is **denied** as moot.

Dated at Milwaukee, Wisconsin this 30th day of March, 2006.

BY THE COURT:

   s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge